IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LACINDA SARIKA DARIEN, | : | MOTION TO VACATE |
| BOP No. [unassigned], | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:13-CV-1380-TCB-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:10-CR-340-TCB-ECS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on LaCinda Darien's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. No. 109]. Because it plainly appears from the motion, its attachments, and the record of prior proceedings that Ms. Darien is not entitled to relief, the undersigned recommends that her motion be summarily dismissed and that no certificate of appealability be issued.

In August 2010, Ms. Darien was indicted on thirty counts of fraud, in violation of 18 U.S.C. § 1343 (twenty-seven counts) and 18 U.S.C. § 1028A(a)(1) (three counts). See [Doc. No. 1]. In June 2011, Ms. Darien pled guilty to two counts – one under § 1343 and one under § 1028A(a)(1) – pursuant to a negotiated plea agreement. See [Doc. No. 34]. In October 2011, Ms. Darien was sentenced, among other things, to serve a 39-month term of imprisonment and pay $198,436.59 in restitution. See [Doc. No. 43].

Ms. Darien appealed. See [Doc. No. 44]. Ms. Darien's attorney filed an Anders brief, and the Eleventh Circuit affirmed Ms. Darien's convictions and sentences, after independently reviewing the record and finding no arguable issues of merit. See [Doc. No. 90].

While her appeal was pending and after it was denied, Ms. Darien sought and received several extensions of the date on which she was voluntarily to report to begin serving her prison sentence. See [Doc. Nos. 78, 88, 93, 99, Minute Order entered Jan. 13, 2013]. Ultimately, after a hearing on February 27, 2013, to explore fully the medical and psychological issues that Ms. Darien asserted warranted repeated delays in her reporting date, the Court directed Ms. Darien to self-report "no later than May 1, 2013 at noon." [Doc. No. 108].

The three grounds for relief[1] asserted in Ms. Darien's § 2255 motion are:

> (1) "Ms. Darien has been ordered to report on May 1, 2013, but she has [a medical procedure] set for May 7, 2013";
>
> (2) "Report from Asst Director of the Federal Bureau of Prisons responsible for health care of the agency";

---

[1] The undersigned is treating the item labeled "Ground Four" as Ms. Darien's third ground for relief because Ms. Darien left "Ground Three" in the preprinted § 2255 form blank and used its "Supporting Facts" section to continue the narrative she had begun in the "Supporting Facts" section of her "Ground Two."

>   (3) "Ms. Darien receives Chemotherapy Iron and is schedule[d] for another round of infed treatment."

[Doc. No. 109 at 4, 5, 8].

Although Ms. Darien's medical issues may have supported her motions requesting that her reporting date be delayed, none of them establishes that her "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," which are the only grounds upon which relief is authorized under 28 U.S.C. § 2255. For that reason alone, Ms. Darien's § 2255 motion is subject to dismissal.

Furthermore, even if Ms. Darien was raising issues cognizable in a § 2255 proceeding, she waived her right collaterally to attack her sentence in her negotiated plea agreement. See [Doc. No. 34-1 at 9]. In the Eleventh Circuit, "sentence appeal waivers, made knowingly and voluntarily, are enforceable." United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (sentence appeal waiver enforced in a collateral proceeding). Such waivers are upheld where "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise

3

understood the full significance of that waiver." Bushert, 997 F.2d at 1351. Those requirements are met in this case. See [Doc. No. 63 at 7-8 (Rule 11 hearing transcript)]. As a result - and barring special circumstances not alleged to apply in this case - Ms. Darien's § 2255 motion is subject to dismissal on that basis as well.

When "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [Court] must dismiss the motion." 28 U.S.C. fol. § 2255, Rule 4(a). According, the undersigned **RECOMMENDS** that Ms. Darien's § 2255 motion [Doc. No. 109] be **DISMISSED**.

Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no evidentiary hearing is required. 28 U.S.C. § 2255(b).

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. fol. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28

4

U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Ms. Darien has not demonstrated that she is entitled to federal habeas relief or that the issue is reasonably debatable. The undersigned therefore **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 8th day of May, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev.8/82)